**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARVINDER-SINGH GILL, | No. 1:26-cv-00521 JLT EPG (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REQUEST FOR RELEASE, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |
| | (Docs. 1, 12) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 5, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted and Respondents be directed to provide Petitioner with an individualized hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify her detention. (Doc. 12.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On March 18, 2026, the parties filed timely objections. (Docs. 14, 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents'

1

objections[1] and Petitioner's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis.

In their objections, Respondents inform the Court that Petitioner filed the magistrate judge's findings and recommendations with the immigration court, which scheduled a custody redetermination hearing and interpreted the findings and recommendations as a temporary restraining order requiring a bond hearing where the Department of Homeland Security bore the burden of proof by clear and convincing evidence. (Doc. 14 at 1–2.) "Respondents ask this Court to deny the petition for writ of habeas corpus. Alternatively, if the Court grants the petition, Respondents ask the Court to clarify that the hearing Petitioner received under the standards set out in the findings and recommendations satisfied the requirement that Petitioner receive a custody redetermination hearing." (*Id.* at 2.)

Petitioner "object[s] to the Findings and Recommendation insofar as they support continued detention or fail to properly apply the governing legal standard requiring the Government to justify detention by clear and convincing evidence." (Doc. 15 at 2.) Petitioner argues that "the Immigration Judge's denial of bond appears to rely on speculative concerns rather than evidence. A single, non-recurring misdemeanor allegation from 2023—particularly one that has been resolved and followed by exemplary conduct—does not satisfy the Government's burden under the clear and convincing evidence standard required in bond proceedings." (*Id.* at 3.) Petitioner further argues that "continued detention under these circumstances violates fundamental principles of due process, especially where the Petitioner has already demonstrated compliance, rehabilitation, and strong community ties." (*Id.*) Petitioner requests "release on reasonable bond or conditions," (*Id.*)

"The Ninth Circuit has explained that if the immigration court 'expressly cited and applied the relevant case law in rendering its decision,' the Court accepts that it 'applied the correct legal standard,' unless there is an indication that 'something is amiss.'" *C.A.R.V. v. Wofford*, No. 1:25-cv-01395-JLT-SKO, 2026 WL 241823, at *6 (E.D. Cal. Jan. 29, 2026)

---

[1] Respondents lodged a recording of the bond hearing. (Doc. 13.) The recording has been reviewed by the Court and its contents are referenced in this order.

(quoting *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024)). A review of the bond hearing recording establishes that the immigration judge expressly noted multiple times that DHS bore the clear-and-convincing burden of proof, and there is no indication that "something [was] amiss." *Martinez*, 124 F.4th at 785. To the extent "Petitioner challenges the sufficiency of the evidence supporting the immigration judge's bond determination rather than the constitutionality of the process by which that determination was reached . . . [c]omplaints about the conclusion the IJ reached must be presented through the normal immigration appeal process." *C.A.R.V.*, 2026 WL 241823, at *9. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on March 5, 2026 (Doc. 12) are **ADOPTED IN FULL**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. As Petitioner has already received the bond hearing recommended by the magistrate judge in the findings and recommendations, no further relief is warranted and Petitioner's request for release is **DENIED**.

4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

_____
UNITED STATES DISTRICT JUDGE

3